IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| PPL ENERGYPLUS, LLC, *et al.*,<br>   Plaintiffs-Appellees,<br><br>                v.<br><br>DOUGLAS NAZARIAN, *et al.*,<br>   Defendants-Appellants. | NO. 13-2419 (L) et al.<br>              (Consolidated) |

## UNOPPOSED MOTION OF THE MARYLAND PUBLIC SERVICE COMMISSION FOR LEAVE TO FILE SEPARATE BRIEFS

The Maryland Public Service Commission ("Maryland PSC"), by and through individually named Defendants-Appellants Douglas R. M. Nazarian, Harold Williams, Lawrence Brenner, Kelly Speakes-Backman, and W. Kevin Hughes,[1] requests that the Maryland PSC and Defendant-Appellant CPV Maryland, LLC ("CPV") be permitted to file separate briefs in this matter. *See* Fed. R. App. P. 27(a); Local R. 28(a), (d). The Maryland PSC has sought the other parties' consent to this motion. Defendant-Appellant CPV supports this request, and counsel for Plaintiffs-Appellees the PPL Parties, PSEG Power, LLC and Essential Power, LLC have stated that they do not oppose the request.

---

[1] These Defendants were the Chairman and Commissioners respectively of the Maryland PSC at the time that the case on appeal was filed with the District Court.

Local Rule 28(a) provides that one brief shall be permitted per side, unless leave to the contrary is granted upon good cause shown. Local Rule 28(d) requires parties on a side to confer and agree upon a means of assuring that all parties' positions are addressed, but states that leave to file separate briefs may be granted upon a particularized showing of good cause. Such a showing includes, but is not limited to, cases in which the interests of the parties are adverse.

In this case, as discussed further below, the appellants are the Maryland PSC—a state regulatory agency—and CPV, a commercial entity engaged in the generation of electricity. The Maryland PSC's interests—which focus on preserving the right and responsibility of states to ensure reliability and resource adequacy—and CPV's largely commercial interests are not completely aligned and could become adverse.

For example, the Maryland PSC has requested by separate motion a fourteen (14)-day extension of the current briefing schedule in order to permit its newly-engaged appellate counsel an adequate opportunity to review the extensive record below and to develop certain arguments that were not briefed to the district court.[2] The Maryland PSC limited the length of the extension it requested in part to accommodate the interests of CPV. Although the Maryland PSC and CPV share an

---

[2] The Maryland PSC's motion is not opposed.

interest in the speedy reversal of the district court's decision, CPV faces commercial deadlines that the Maryland PSC does not.

Specifically, while the Maryland PSC and CPV participated jointly in the proceeding below to some extent, the Maryland PSC expects to raise on appeal certain arguments regarding the district court's lack of subject matter jurisdiction and the adequacy of its compliance with Federal Rule of Civil Procedure 52(a) that were not raised below. The Maryland PSC and CPV have not had the opportunity to collaborate in the development of these positions, and may be unable to do so adequately in the time allotted for preparing and filing an Opening Brief in this matter.

Additionally, the Maryland PSC questions the propriety of filing joint pleadings with a private commercial entity subject to its jurisdiction. The Maryland PSC is an independent State agency established pursuant to the Public Utilities Article of the Maryland Code to, *inter alia*, ensure "safe, adequate, reasonable and proper [electric] service"[3] in Maryland, determine just and reasonable rates, and supervise and regulate public service companies, including Maryland's four investor-owned electric utilities.[4]  Among its powers and responsibilities, the

---

[3] Md. Code Ann., Pub. Util. Cos. § 5-101(a) (LexisNexis 2013).

[4] *Id.* § 2-113. Those electric utilities are Baltimore Gas & Electric Company, Potomac Electric Power Company, Delmarva Power & Light Company, and Potomac Edison Company.

Maryland PSC is authorized to issue Certificates of Public Convenience and Necessity ("CPCNs") to power plant developers to construct and/or modify generation facilities in the State. The Maryland PSC may condition its grant of a CPCN on conditions that ensure that the applicant remains in compliance with applicable federal and State laws and regulations, retaining jurisdiction to ensure compliance with those conditions.

Defendant-Appellant CPV is a subsidiary of Competitive Power Ventures Holdings LLC,[5] and was formed for the purpose of receiving approval for and constructing a generating station in Southern Maryland. CPV's December 14, 2007, application seeking Maryland PSC approval of a CPCN to construct a combined-cycle gas-fired generating station in Charles County, Maryland was granted on October 23, 2008.[6] The CPCN includes 79 on-going licensing conditions imposed by the Maryland PSC.

The Maryland PSC also retained jurisdiction over the contracts between CPV and the electric utilities that were the subject of the litigation below, which

---

[5] Competitive Power Ventures Holdings, LLC is a North American electric power generation development and asset management company headquartered in Silver Spring, Maryland, with over 5,000 megawatts ("MW") of generation projects in various stages of development throughout North America. *See* http://www.cpv.com/about.html.

[6] Maryland PSC Case No. 9129, *In the Matter of the Application of CPV Maryland, LLC for a CPCN to Construct a Nominally Rated 640 MW Generating Facility in Charles County, Maryland*.

were executed following extensive proceedings before the Maryland PSC. On September 29, 2009, the Maryland PSC initiated a multi-year administrative proceeding to examine the status of electric reliability and generation adequacy in the State.[7] On December 29, 2010, the Maryland PSC issued a draft request for proposals ("RFP") for new generation, and after reviewing comments from 28 interested parties, directed three of Maryland's electric utilities to issue a modified RFP on September 29, 2011. On April 12, 2012, the Maryland PSC issued Order No. 84815 (which Plaintiffs-Appellees sought to invalidate in the district court proceedings below). The April 12 Order concluded that future projected electric supply inadequacy required the Maryland PSC to facilitate the construction of a new power plant in Southern Maryland and it accepted CPV's bid as the most competitive response to the RFP.

The Maryland PSC also determined that in order to finance construction of the winning CPV Saint Charles Energy Center, it would be necessary for the state's standard offer service ratepayers to provide financial support. Specifically, the April 12 Order required that three of Maryland's electric distribution utilities negotiate and execute with CPV a "Contract for Differences" that would provide a fixed revenue stream to CPV (funded by ratepayers, if necessary) for 20 years,

---

[7] Maryland PSC Case No. 9214, *In the Matter of Whether New Generating Facilities are Needed to Meet Long-Term Demand for Standard Offer Service*.

- 5 -

after accounting for certain wholesale energy and capacity revenue received by CPV in PJM-administered markets.[8] The Maryland PSC was required on multiple occasions to hold evidentiary hearings and issue rulings when conflicts developed between the parties to the proceeding regarding specific sections of the Contract for Differences.

While CPV and the Maryland PSC share the same ultimate goal of preserving the validity of the April 12 Order, our interests are different. CPV's interests are largely commercial. The Maryland PSC faces a different risk: the loss or diminution of the right and the duty that states have long possessed to promote reliability and resource adequacy and to make decisions about the amount and type of generation resources to be developed. Those differing consequences inform how CPV and the Maryland PSC view the case as well as the legal theories that each will pursue.

Additionally, although CPV is not a utility regulated by the Maryland PSC, it has been and will continue to be subject to Commission authority through CPV's CPCN to build the Saint Charles Energy Center, particularly with regard to the 79 ongoing licensing conditions and any needed modifications. It would be inappropriate for the Maryland PSC, as the regulatory agency with authority over

---

[8] PJM is an independent entity referred to as a regional transmission organization that coordinates the movement of wholesale electricity in all or parts of 13 states (including all of Maryland) and the District of Columbia.

CPV's certification and licensing conditions, to be required to join in a single brief with that entity.

The Maryland PSC's continuing authority over the Contract for Differences to which CPV is a signatory also makes it inappropriate to require the Maryland PSC to join in a single brief with CPV. If this Court reverses the district court's decision that the Contract for Differences was void and unenforceable, the Maryland PSC may be required to consider and rule upon future party filings regarding the administration of that contract. While the Maryland PSC did join with CPV in a subset of the pleadings in the litigation below,[9] the Maryland PSC has become concerned that filing a single appellate brief with CPV could be said to create an appearance of impropriety that might complicate its future oversight of the Contract for Differences.

---

[9] The pleadings filed jointly by the Maryland PSC and CPV consisted primarily of replies to certain motions in limine, joint post-trial briefs, and certain correspondence related to the District Court's proposed order. The Maryland PSC and CPV filed separate answers to the plaintiffs' complaint, separate motions to dismiss, and separate pre-trial briefs, among other things.

## CONCLUSION

WHEREFORE, Defendant-Appellant the Maryland PSC hereby requests that the Court grant it leave to file a separate appellate brief.

Respectfully submitted,

*/s/ Scott H. Strauss*
Scott H. Strauss, Esq.
Peter J. Hopkins, Esq.
Jeffrey A. Schwarz, Esq.
Anjali G. Patel, Esq.

Attorneys for the Maryland Public Service Commission

Law Offices of:
    Spiegel & McDiarmid LLP
    1333 New Hampshire Avenue, NW
    Washington, DC  20036
    (202) 879-4000

January 9, 2014

CERTIFICATE OF SERVICE

I hereby certify that I have on this 9th day of January, 2014, caused the foregoing document to be served upon all parties in the proceeding by electronic service through the Court's CM/ECF system as indicated below.

John Augustine Bourgeois
Email: jbourgeois@kg-law.com

David Lawrence Meyer
Email: dmeyer@mofo.com

Candice Chiu
Email: cchiu@bancroftpllc.com

Erin Elizabeth Murphy
Email: emurphy@bancroftpllc.com

Paul D. Clement
Email: pclement@bancroftpllc.com

Jennifer Nash Waters
Email: jwaters@crowell.com

Shannen Wayne Coffin
Email: scoffin@steptoe.com

Clifton Scott Elgarten
Email: celgarten@crowell.com

David D. Cross
Email: dcross@crowell.com

Andrew Jay Graham
Email: AGraham@kg-law.com

Geoffrey H. Genth
Email: ggenth@kg-law.com

James Kilpatrick McGee
Email: jmcgee@alexander-cleaver.com

/s/ Scott H. Strauss
Scott H. Strauss
Spiegel & McDiarmid LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
(202) 879-4000